THE TOLEDO FIRE AND MARINE INSURANCE COMPANY *v.* SPEARES and Another.

It is well settled as a general principle of maritime law, that where goods are *jettisoned* from a ship, on account of the perils of the sea, to preserve the vessel, all parties interested must contribute *pro rata* to make up the loss.

Goods carried on deck are an exception to this rule, unless they are so carried according to common usage and the course of trade, on the voyage for which they were shipped.

No notice to the underwriters of the existence of such custom is necessary, as they are bound to know the usage of the particular trade.

Depositions, or parts of depositions, suppressed on motion, will not be regarded as in the record, unless the depositions are copied into the bill of exceptions taken to such ruling. It is not enough that they are copied by the clerk in the transcript.

Monday,
May 27.

APPEAL from the *Tippecanoe* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs, sued the appellant, who was the defendant, upon an open policy of

insurance. The complaint contains three counts. Upon the first and second no material question is raised. Hence the case as made by the third count will, alone, be noticed.

The policy bears date *March* 27, 1851, and stipulates, *inter alia*, "that the defendant thereby insured the plaintiffs, lost or not lost, at and from the places, by the vessel or vessels, for the amount, at the rates, and on the property specified by indorsements made thereon by her agent, *Martin L. Pierce*, against the perils of the seas, lakes, rivers, canals, and *jettisons*. The adventure upon the property to begin upon the loading thereof aboard the vessels, and to endure until the same should be safely landed at the port of destination, as indicated by such indorsements;" and further, the policy stipulates that "all the property covered by it is to be considered under deck, unless otherwise expressed in writing." The property specified in the indorsements, and which thereby became insured, consisted of pork, hams, and lard, and a portion of it, viz: 104 barrels of mess pork, 79 barrels of prime pork, 32 barrels of rumps, 200 barrels of pork marked S. S., and 73 tierces of hams, of the aggregate value of $10,000, was shipped on board the schooner *Allegan*, at *Toledo*, in *May* 1851, and was all put under deck. Also, at the same time, there was shipped on board the same vessel 65 barrels of pork, of the value of $455, and 47 barrels of grease worth $562; which last named property was placed on deck, and was not covered by the policy. The whole cargo of the vessel, except the barrels of grease, was the property of the plaintiffs. The schooner left the port of *Toledo* for that of *Oswego*, in the State of *New York*, and in the prosecution of her voyage between those points it became necessary, in consequence of stormy and tempestuous weather, to make jettison of her deck cargo in order to save the vessel. It is averred that during the time of the loading of the schooner, and during her voyage, it was usual and customary, in that trade, to carry such property on deck in such quantities as not to impede or endanger the safe navigation of the vessel. And it is further averred that the plaintiffs, out of their property so insured, were compelled to, and did, contribute $1,200 for that so jettisoned. The object of the present suit is to compel

May Term, 1861.

The Toledo, &c. Co. v. Speares.

the defendant, as an insurer, to contribute by way of general average to the payment of the above sum.

The defendant answered, "that by long established, general and uniform usage and custom of trade and insurance, existing at the time, and for many years before said property was shipped or said policy was executed, respecting property shipped on schooners on lakes *Erie* and *Ontario*, on its transit to *New York*, it was and had become the general, well understood, and uniform custom, not to regard or consider an insurer or owner of *under deck cargo* in any wise liable to make contribution for, or on account of, *deck cargo* jettisoned to save or relieve schooners in that trade, or the under deck cargoes thereof; which general, notorious custom and usage the plaintiffs and this defendant contracted with reference to—the same, in fact, constituting part and portion of said contract of insurance." Plaintiffs demurred to this answer; but their demurrer was overruled, and thereupon they amended their complaint by averring, "that at the time of the execution of the policy and the indorsements thereon, and at the time of shipping said produce and goods on said schooner, they were, and still are residents of *Indiana*, where said contract of assurance was executed. The plaintiffs also replied to the answer by a general denial. The issues were tried by the Court, and found for the plaintiffs. Judgment was accordingly rendered.

As a principle of maritime law it is well settled that where goods are jettisoned from a ship on account of the perils of the sea, to preserve the vessel, all parties interested must contribute *pro rata;* the loss incurred for the sake of all shall be made good by the contribution of all. Abbot on Shipp., 342. There are, it is true, some goods, the jettison of which gives no claim to contribution: for instance, goods of which there is no bill of lading, or which have been taken on board contrary to the charter party. "But the most important exception is that of goods carried *on deck*, which are not contributed for, if jettisoned, unless they are so carried according to common usage and the course of trade, on the voyage for which they were shipped. On proof of such usage they are contributed for, if jettisoned, like other goods; and no notice to the

underwriters of the existence of such custom is necessary, in order to make them liable, they being bound to know the usage of the particular trade." Abbott on Shipp., 6th Am. ed., 481 *et seq.*, and notes; *Browne* v. *Cornwell*, 1 Root, 60; *Milward* v. *Hibbert*, 43 E. C. L. 659; 2 Arnould on Ins., 890, and cases there cited.

Here, as we have seen, the plaintiffs aver a particular custom of trade on lakes *Erie* and *Ontario*, viz: to load and carry a portion of the cargo on deck. This the defendant not only denies, but, in her answer, asserts another custom which, as alleged, obtains in the same trade and localities, viz: "that for jettison of deck cargo, the owner or insurer of under deck cargo is not liable to contribute." To prove the custom, thus alleged, the defendant produced various depositions, portions of which, as appears by two bills of exceptions contained in the record, were, on the plaintiffs' motion, suppressed; but the depositions themselves, though set out in the transcript, are not inserted or copied in the bills of exception, and, consequently, are no part of the record. 2 R. S., § 559, p. 159. The bills of exception show that certain questions and answers in the depositions were suppressed; but their purport is not given, hence we must presume that they were properly suppressed. These bills of exceptions also show that portions of answers of several of the deponents were suppressed; but whether correctly or not we can not decide, because these portions of answers of themselves constitute no evidence in the case. In the absence of their contexts, as contained in the depositions, it must be presumed that the Court, in suppressing them, committed no error. There is, then, no evidence properly before us amounting to proof of the existence of the custom relied on by the defendant, and the result is, the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*G. S. Orth* and *J. S. Stein*, for the appellants.

*Z. Baird*, for the appellee.